UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 06-98-JMH
(Civil Action No. 08-7013-JMH)

UNITED STATES OF AMERICA,                                                               PLAINTIFF

V.                          **PROPOSED FINDINGS OF FACT**
                             **AND RECOMMENDATION**

RANDALL SHARP,                                                         DEFENDANT

\* \* \* \* \* \*

## I. INTRODUCTION

This matter is before the court on the motion of defendant Randall Sharp ("Sharp"), *pro se*, filed pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence imposed in the above-styled action on December 11, 2006, and on the motion of the United States to dismiss said § 2255 motion. These motions are ripe for review.

In accordance with local practice, this matter has been referred to the undersigned Magistrate Judge for consideration pursuant to 28 U.S.C. § 636(b).

## II. FACTUAL AND PROCEDURAL BACKGROUND

On July 6, 2006, a federal grand jury returned a two-count Indictment against defendant Sharp. Count 1 thereof charged that from or about January 25,2006 and continuing through on or about May 11,2006, the exact dates unknown, Sharp conspired with others to knowingly receive and distribute visual depictions that had been mailed, shipped, and transported in interstate and foreign commerce, and which contained materials which had been mailed, and so shipped and transported, by any means, including by computer, the production of such visual depictions having involved the use of minors engaged in sexually explicit conduct, and which visual depictions were of such conduct, a violation of 18 U.S.C. § 2252(a)(2), all in violation of 18 U.S.C. § 2252(b)(l). Count 2

thereof was a forfeiture count, charging that by virtue of the commission of the offense alleged in Count 1, any and all interest Sharp had in the following property:

> COMPUTER AND ASSOCIATED EQUIPMENT:
> 1) System Max AMD computer processing unit, serial number 0043 10575;
> 2) Hewlett Packard Pavilion laptop computer, serial number TW20300791; and
> 3) All associated software, disks, peripherals, and visual depictions involving the use of minors engaging in sexually explicit conduct, as defined by 18 U.S.C. § 2256(2), which were seized from the defendant, and which are contained on the computer,

is vested in the United States and hereby forfeited to the United States pursuant to 18 U.S.C. § 2253.

Initially, Sharp pled not guilty to these charged offenses, and this matter was scheduled for trial. However, Sharp subsequently entered into a Plea Agreement with the United States wherein he agreed to plead guilty to the charges contained in Count 1 of the indictment and agreed to the forfeiture of the property sought to be forfeited in Count 2 of the indictment. His Plea Agreement was filed of record, and the court accepted his guilty plea thereto. [DE #19].

On December 11, 2006, Sharp was sentenced and received a 151-month sentence of imprisonment on Count 1, to be followed by a term of supervised release for the remainder of his life. [DE #26].

Irrespective of the fact that in Sharp's Plea Agreement, he waived his right to appeal, his trial counsel timely filed a notice of appeal. However, on November 5, 2007, the Sixth Circuit Court of Appeals granted the government's motion to dismiss the appeal based on the waiver provision contained in Sharp's Plea Agreement.

### III. MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

On April 7, 2008, Sharp filed the present § 2255 motion. [DE #52].

In response thereto, the United States moved to dismiss said motion [DE #56], asserting that pursuant to the terms of his plea agreement, Sharp had waived his right to collaterally attack his conviction and sentence and that this waiver was informed and voluntary; therefore, Sharp now has

no right to bring the claims raised in the present § 2255 motion. For these reasons, the United States contends that defendant's § 2255 motion should be denied.

In response, to the government's motion to dismiss, Sharp contends that the United States is mistaken that his § 2255 motion concerns the plea agreement and that it actually concerns his claim that he received ineffective assistance of counsel. Sharp asserts that it is well established that claims of ineffective assistance of counsel are to be raised in a § 2255 motion; therefore, Sharp contends that the government's motion to dismiss his § 2255 petition should be denied.

## Analysis

### Waiver of right to collaterally attack conviction and sentence

In considering this matter, the Magistrate Judge has reviewed the terms of Sharp's Plea Agreement he entered into with the United States on August 29, 2006, that was approved by the court and was filed of record on September 6, 2006. The following paragraphs of Sharp's Plea Agreement are relevant to his § 2255 motion:

> 9. The Defendant waives the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution.
>
> . . .
>
> 13. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.
>
> . . .
>
> 15. The Defendant and his attorney acknowledge that the Defendant understands this Agreement, that his attorney has fully explained this Agreement to him, and that his entry into this Agreement is voluntary.

Plea Agreement, pages 3-4 [DE #19].

It is clear from numerical ¶ 9 of Sharp's Plea Agreement that in exchange for the concessions made by the United States, he waived his right to appeal his guilty plea, conviction, and any sentence within the applicable sentencing guideline range, and his right to collaterally challenge his

3

guilty plea, conviction, and sentence within the applicable sentencing guideline range, including the filing of a § 2255 motion. Thus, the Magistrate Judge must now determine whether defendant's waiver of the foregoing rights was an informed, voluntary, and knowing waiver.

During the rearraignment proceeding, Chief Judge Joseph M. Hood established Sharp's understanding of the charges, his competency, his satisfaction with his counsel's advice and representation, and his voluntariness to enter a guilty plea. [Colloquy, TR (Rearraignment) at 3-5]. During this process, Judge Hood questioned Sharp, established that he had executed a plea agreement after reading and discussing the terms of the agreement with his counsel, and that he understood the terms of the agreement. [Id. at 4.] At Chief Judge Hood's request, the United States reviewed the essential terms of the plea agreement. [Id. at 5-7.] The United States explained, among other things, that Sharp had agreed to plead guilty to Count 1, was waiving the right to appeal his sentence, and was also waiving his right to attack collaterally his guilty plea, conviction, and sentence, including any order of restitution. [Rob Duncan, TR (Rearraignment) at 5-7.] Sharp and his counsel both acknowledged that the prosecutor had accurately summarized the essential terms of the agreement. [Colloquy, TR (Rearraignment) at 8.]

Sharp said that no other promises had been made to him to induce him to enter into the plea agreement, that no one had threatened him or forced him to change his plea, and that the plea agreement represented his agreement with the United States. [Id. at 4-5, 8.] Sharp also acknowledged that he understood the consequences of pleading guilty, including the loss of his civil rights, the statutory penalties involved, the applicability of the Guidelines, the fact that the Guidelines are but a framework in the court's crafting of a reasonable sentence, the uncertainty of the Guidelines range before the preparation of the presentence report, the statutory minimum term of imprisonment, and the fact that parole has been abolished in the federal system. [Id. at 8-10.].

Chief Judge Hood reviewed the essential terms of the plea agreement with Sharp, including a description of Sharp's waiver of the right to appeal and collaterally attack his sentence. [Court, TR (Rearraignment) at 8-10, 12-14.] Sharp said that he understood that he was giving up his appeal

4

rights. [Randall Sharp, TR (Rearraignment) at 10.] Sharp also assured the court that he understood that he would not be able to withdraw his plea if his sentence were more severe than he expected. [Id.] Sharp further acknowledged his right to a trial, the trial rights he would be giving up by pleading guilty, and the fact the United States would have to prove the charges pending against him beyond a reasonable doubt. [Id. at 10-12.] Chief Judge Hood read Count 1 of the indictment and the entire factual basis from the plea agreement to Sharp. [Court, TR (Rearraignment) at 12-14.] Sharp said that he agreed with the factual statements in the plea agreement, that the facts were provable beyond a reasonable doubt, and that they established the essential elements of the offense. [Randall Sharp, TR (Rearraignment) at 13.]

> At the conclusion of this questioning of Sharp, Judge Hood made the following finding:
>
> THE COURT: I'm satisfied with the responses given during this hearing to make the following finding on the record:
>
> It is the finding of the Court in the case of the United States of America versus Randall Ray Sharp, that the defendant is fully competent and capable of entering an informed plea. That the defendant is aware of the nature of the charges and the consequences of the plea. And that the plea of guilty is a knowing and voluntary plea supported by an independent basis and [sic] fact containing each of the essential elements of the offense. The plea is, therefore, accepted, and the defendant is now adjudged guilty of that offense.

TR, Rearraignment, page 15 [DE #42].

Sharp had reserved the right to object to any enhancement based on a conclusion that he distributed visual depictions of minors engaged in sexually explicit conduct. At sentencing, the United States presented the testimony of Detective Chris Frazier, with the Kentucky State Police Electronic Crime Section, who established that Sharp's use of the Kazaa system on his computer allowed him to share and download files with other Kazaa users. [Chris Frazier, TR (Sentencing) at 5-11.] Judge Hood found that Sharp's sentence would be enhanced for distributing child pornography. [Court, TR (Sentencing) at 16.] Sharp was thereafter sentenced to 151 months imprisonment. [R. 26: Judgment.] Sharp's presentence report noted that he had waived the right to appeal his sentence. [R. 28: Presentence Investigation Report at ¶ 8.] Sharp did not object to this aspect of the presentence report. [Id. at Addendum.].

In violation of his plea agreement, Sharp filed a motion under 28 U.S.C. § 2255 collaterally attacking his conviction and sentence, asserting that he had received ineffective assistance of trial counsel and that his guilty plea was not knowing and voluntary.

**Applicable Law**

In Hunter v. United States, 160 F.3d 1109, 1113 (6th Cir. 1998), the Sixth Circuit held that a waiver provision in a plea agreement is binding so long as it is made knowingly and voluntarily. Thereafter, in Watson v. United States, 165 F.3d 486, 489 (6th Cir. 1999), the Sixth Circuit held that "a defendant's informed and voluntary waiver of the right to collaterally attack a sentence in a plea agreement bars such relief." However, at that time, the Sixth Circuit did not address the question of whether the waiver of § 2255 relief in a plea agreement bars a collateral attack based upon ineffective assistance of counsel. Subsequently, in Davila v. United States, 258 F.3d 448, 451 (6th Cir. 2001), the Sixth Circuit addressed that question, holding as follows:

> We hold that Davila's waiver effectively foreclosed his right to bring a § 2255 petition based on the claim of ineffective assistance of counsel. When a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his or her sentence, he or she is precluded from bring[ing] a claim of ineffective assistance of counsel based on 28 U.S.C. § 2255.

Thus, in view of Hunter, Watson and Davila, if the court determines in the present action that the defendant's waiver of his right to collaterally attack his guilty plea and conviction was knowing, intelligent, and voluntary, then he has waived his right to collaterally challenge his guilty plea, conviction, and sentence in a § 2255 motion, including any claim he might have had for ineffective assistance of counsel.

Based on a review of the record, including a review of the transcript of defendant's rearraignment/guilty plea proceeding, the Magistrate Judge concludes that defendant's waiver of his right to collaterally attack his guilty plea, conviction, and sentence was knowing, intelligent, and voluntary. This conclusion is based on the fact that (1) the waiver of defendant's right to collaterally attack his guilty plea, conviction, and sentence is plainly stated in numerical ¶ 9 of his plea agreement, and (2) in responding to questioning by the court concerning whether he understood the

6

rights he had agreed to waive by entering into this Plea Agreement, and particularly the waiver of his right to appeal and to collaterally attack his guilty plea, conviction, and sentence, and whether he was surrendering those rights voluntarily, Sharp answered in the affirmative. Additionally, at the conclusion of his rearraignment proceeding, Judge Hood specifically found that Sharp was aware of the nature of the charges and the consequences of the plea and that his guilty plea was a knowing and voluntary plea supported by an independent basis in fact.

Consequently, the Magistrate Judge concludes that since defendant's sentence was within the applicable maximum statutory penalty range, he has waived the right to collaterally attack his guilty plea, conviction and sentence in the present § 2255 motion, including any claim he might have had for ineffective assistance of counsel.

## IV. CONCLUSION

Based on a review of the record and the applicable law governing motions filed pursuant to 28 U.S.C. § 2255, to vacate, correct, or set aside sentence, for the reasons previously stated, the Magistrate Judge concludes that the motion of the United States to dismiss defendant's § 2255 motion should be granted and that defendant's § 2255 motion should be denied.

Accordingly, **IT IS HEREBY RECOMMENDED** that the motion of the United States to dismiss defendant's § 2255 motion [DE #56] be **GRANTED**, and that the motion of defendant Sharp, filed under § 2255, to vacate, correct, or set aside sentence [DE #52] be **DENIED**.

The Clerk of the Court shall forward a copy of this Proposed Findings of Fact and Recommendation to the respective parties who shall, within fourteen (14) days of receipt thereof, serve and file timely written objections to the Magistrate Judge's Proposed Findings of Fact and Recommendation with the District Court or else waive the right to raise the objections in the Court of Appeals. 28 U.S.C. § 636 (b)(1)(B); Thomas v. Arn, 728 F.3d 813 (6${}^{th}$ Cir. 1984), affirmed 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6${}^{th}$ Cir. 1986); Fed.R.Civ.P. 6(e).

A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. Fed.R.Civ.P 72 (b).

This 9th day of April, 2010.

Signed By:
*James B. Todd*
United States Magistrate Judge