UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 06-98-JMH |
| ) | Civil Action No. 08-7013-JMH |
| ) | |
| v. ) | |
| ) | |
| RANDALL RAY SHARP, ) | |
| ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on Randall Ray Sharp's Objections [Record No. 66] to Magistrate Judge Todd's Proposed Findings of Fact and Recommendation [Record No. 64]. The Court being sufficiently advised, this matter is ripe for review.

I.  BACKGROUND

On August 29, 2006, Sharp entered into a plea agreement with the United States in which he waived his right to appeal his guilty plea, conviction, and any sentence within the applicable sentencing guideline range, and his right to collaterally challenge his guilty plea, conviction, and sentence within the applicable sentencing guideline range, including the filing of a § 2255 motion. On December 11, 2006, Sharp was sentenced to 151 months imprisonment, to be followed by a term of supervised release for the remainder of his life.

Although Sharp waived his right to appeal in his plea

agreement, his trial counsel filed a timely notice of appeal. On November 5, 2007, the Sixth Circuit Court of Appeals granted the government's motion to dismiss the appeal based on the waiver provision contained in the plea agreement. On April 7, 2008, Sharp filed the § 2255 motion presently before the Court.

## II. DISCUSSION

The United States moved to dismiss the § 2255 motion, arguing that pursuant to the plea agreement, Sharp waived his right to collaterally attack his conviction and sentence and that this waiver was informed and voluntary; therefore he has no right to bring the claims presented in the § 2255 motion. Magistrate Judge Todd issued Proposed Findings of Fact and Recommendation [Record No. 63] in which he concluded, based on Sharp's plea colloquy with Chief Judge Hood and Sixth Circuit case law, that Sharp had knowingly, intelligently, and voluntarily waived his right to collaterally attack his plea agreement and sentence, including in a § 2255 motion based on ineffective assistance of counsel. Sharp objected to the Magistrate Judge's findings, arguing that he is not contesting the substance of his plea agreement; rather, he is claiming ineffective assistance of counsel, which he contends is allowed to be raised in a § 2255 motion. Sharp bases his objection on his claim that his attorney assured him that if Sharp did not approve of the sentence the Court imposed, he would be able to withdraw his guilty plea.

The Sixth Circuit Court of Appeals has ruled specifically on this issue, stating that "[w]hen a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his or her sentence, he or she is precluded from bring[ing] a claim of ineffective assistance of counsel based on 28 U.S.C. § 2255." *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001). "[A] defendant in a criminal case may waive 'any right, even a constitutional right,' by means of a plea agreement." *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001)(quoting *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995)).

For the reasons set forth below, the Court agrees with the report and recommendation of the Magistrate Judge, and finds that Sharp's waiver of his right to collaterally attack his guilty plea, conviction, and sentence was knowing, intelligent, and voluntary. Paragraph number nine of Sharp's plea agreement plainly stated that, "[t]he Defendant waives the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution." [Plea Agreement 3-4, Record No. 19.] During Sharp's rearraignment, he also answered in the affirmative when the Court asked if he understood that he would not be able to withdraw his guilty plea if his sentence was more severe than he expected. [Randall Sharp, TR, Rearraignment 10, Record No. 42.] Thus, even if Sharp's attorney erroneously advised Sharp that he could withdraw his guilty plea if he did not approve of the

3

sentence imposed, Chief Judge Hood cured this defect at Sharp's rearraignment proceeding, correctly informing Sharp that he would not be able to do so and obtaining Sharp's assurance of his understanding of that fact. Sharp also answered affirmatively when the Court asked if he understood the rights he had agreed to waive by entering into the plea agreement, including the waiver of his right to appeal and to collaterally attack his guilty plea, conviction, and sentence. [*Id.*] Therefore, because Sharp knowingly, intelligently, and voluntarily waived his right to collaterally attack his sentence, his objection to the Magistrate Judge's Proposed Findings of Fact and Recommendation [Record No. 64] is overruled. Sharp, therefore, is precluded from bringing a claim of ineffective assistance of counsel based on 28 U.S.C. § 2255 under *Davila*.

Having reviewed *de novo* Sharp's objection to the Magistrate Judge's findings, and having addressed and overruled that objection, the Court adopts the procedural history and the analysis of Magistrate Judge Todd's Proposed Findings of Fact and Recommendation [Record No. 64] as its own. Furthermore, this Court agrees with the Magistrate Judge that Sharp's motion should be denied for the reasons set forth in the Proposed Findings of Fact and Recommendation [Record No. 63].

Accordingly, and for the foregoing reasons, **IT IS ORDERED**:

(1) That the Proposed Findings of Fact and Recommendation

[Record No. 64] be, and the same hereby is, **ACCEPTED**;

(2) That Sharp's motion to vacate sentence under 28 U.S.C. § 2255 [Record No. 52] be, and the same hereby is, **DENIED WITH PREJUDICE**;

(3) That the United States' motion to dismiss [Record No. 56] be, and the same hereby is, **GRANTED**;

(3) That this action be, and the same hereby is, **STRICKEN FROM THE ACTIVE DOCKET**.

This the 4th day of May, 2010.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge